J. E. PAINE *et al* v. F. CALDWELL *et al.*

Township trustees have no authority to contract for building bridges, when such a contract is entered into without the sanction and supervision of the County Commissioners; it is a nullity.

Motion to dissolve an injunction upon a case heard before *Mitchell, J.*, at Spring Term, 1871, of CATAWBA Superior Court.

The defendants as trustees of Mountain Creek Township, in the month of February, 1870, agreed to, and ordered the building of a public bridge over Mountain Creek, in said Township, and let out the contract for $326, which was a reasonable compensation for the work. The building of said bridge was deemed by the defendants necessary for the public convenience.

After the bridge was completed the defendants submitted it to the qualified voters of the Township whether they would receive and pay for the bridge, when a majority voted to receive and pay for the bridge by taxation.

After the bridge was built, application was made to the Board of Commissioners of the County to pay, or assume to pay for said bridge, and relieve the Township, which was declined. The plaintiffs appeared before said Board, and opposed the application for payment.

After said refusal, the defendants in September, 1870, assessed the tax on the tax payers of said Township, for the payment of said debt, when the plaintiffs applied for and obtained an injunction, restraining the defendants from the collection of said tax.

His Honor refused to dissolve the injunction. Appeal.

*McCorkle* and *Bragg & Strong* and *W. H. Young* for plaintiffs.

*Battle & Sons*, for defendants.

RODMAN, J. The complaint filed on behalf of the plaintiffs, as well as all other tax payers in the Township, who choose to become parties, alleges that in February, 1870, defendants contracted with ore Sherrill, to build a bridge across Mountain Creek, in the township of that name, for $326, which was accordingly built in September, 1870; the defendants levied a tax of one-fifth of one per cent. on the taxable property of the Township to pay the expense of building the bridge, and for sundry reasons in their complaint set forth, the plaintiffs pray that the defendants be enjoined from collecting the tax.

The Judge granted the injunction, and on a motion before him to vacate it, it appeared that after the bridge was built, it was submitted to a vote of the Township whether they would accept and pay for it; and a majority voted that they would; afterwards application was made to the County Commissioners to pay for the bridge, which they refused.

The Judge refused to vacate the injunction, and the defendants appealed.

We think the main question in this case is upon the power of the Township Trustees to make the contract for the building of the bridge, for if they had the power to make the contract, it would follow that they must have the power to perform it by levying the tax necessary for that purpose. The Constitution, Art. VII, Sec. 4, provides that the Board of Trustees in

each Township "shall, under the *supervision* of the County Commissioners, have control of the taxes and finances, roads and bridges of the Townships as may be prescribed by law."

Section 7 of the same Article, says, "no county, city, town, or municipal corporation shall contract any debt, pledge its faith or loan its credit, nor shall any tax be levied or collected by any officers of the same, except for the necessary expenses thereof, unless by a vote of a majority of the qualified voters therein."

In what manner must this supervision of the County Commissioners provided for by the Constitution, be exercised in order that it may be effectual, as the Constitution intends that it shall be ? It may confidently be said, that the supervision was intended to be *effectual,* because while the Constitution undertakes rigidly to limit the power of the Legislature and of the County Commissioners to tax, there is no such limitation to the power of the Township Trustees, and unless they can be effectually supervised by the County Commissioners, their power to contract debts, and to pay taxes for the payment of them, is unrestrained, so that a single unworthy Board might ruin a Township without hope of relief, except so far as the law might enforce the restraints of section 7.

In the matter of contracting a debt, it seems clear, that the only way in which the supervision of the County Commissioners can be effectual, is by requiring their approval before the contract is consummated. If the Township Trustees have the power to make a valid contract without the consent of the County Commissioners, given either previously or subsequently, then any supervision by the County Commissioners is impossible. The contract having been made is enforcible by law. The Township Trustees are independent of their supervisors ; the constitutional check is absolutely removed.

We think, therefore, it is the duty of Township Trustees in all cases when they contemplate the building of a bridge, to present their plan to the County Commissioners and obtain

their assent to the contract, and to the necessary tax. Sec. 7 was intended to present *another* check to the imprudence of the Trustees. The building ot a bridge, which is beyond the ability of an overseer of the road and his hands, cannot be called one of the ordinary expenses of a Township. Before any debt can be contracted for that purpose it must be put to a vote of the Township. These two securities against imprudence and recklessness are provided by the Constitution. Everybody is supposed to know the powers of the Township Trustees, and whoever contracts with them does so at his risk of their exceeding their useful but limited power. We think the tax illegal, and concur with his Honor in sustaining the injunction.

PER CURIAM.                    Judgment affirmed.